UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
|---|---|---|---|
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S REQUEST TO DISMISS THE NINTH CAUSE OF ACTION (Dkt. [ 32 ], filed on January 7, 2019)

DEFENDANT YOU & MR. JONES INC.'S MOTION FOR A RULE 11 INQUIRY UNDER THE PSLRA OR IN THE ALTERNATIVE, UNDER THE COURT'S INHERENT AUTHORITY (Dkt. [ 42 ], filed on February 6, 2019)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 11, 2019, is vacated, and the matter is hereby taken under submission.

On July 19, 2018, plaintiff Justin Rezvani ("Rezvani"), individually and derivatively on behalf of Reach Labs, Incorporated (dba "theAmplify"), filed this action against David Jones ("Jones"), You & Mr. Jones, Incorporated ("YoJo"), theAmplify, and Does 1 through 10, inclusive (collectively, "defendants"). Dkt. 1. Rezvani filed a first amended complaint on September 28, 2018, in which Rezvani alleged, individually, against defendants Jones, YoJo, and Does 1 to 10 claims for (1) intentional misrepresentation, (2) false promise, (3) two breach of contract claims, (4) two claims for breach of the implied covenant of good faith and fair dealing, and (5) securities fraud, in violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. §§ 78(j)(b) and 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

C.F.R. § 240.10b-5. Dkt. 19 ("FAC").[1] Against theAmplify and Does 1 to 50, Rezvani alleged (1) a breach of contract claim, (2) a breach of the implied covenant of good faith and fair dealing claim, (3) violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12940 (West); (4) wrongful termination in violation of public policy; (5) failure to pay earned wages upon separation of employment; and (6) waiting time penalties. Id. Finally, Rezvani derivatively, on behalf of theAmplify, also alleged a breach of fiduciary duty claim against Jones and Does 1 to 50. Id. Rezvani's claims arise out of a failed business relationship after YoJo purchased a majority share in theAmplify, a company that Rezvani founded. See generally Compl.

On October 29, 2018, defendant YoJo moved to dismiss Rezvani's fraud-based claims for intentional misrepresentation, false promise, and securities fraud. Dkt. 22 ("MTD"). Defendant theAmplify also moved to dismiss Rezvani's derivative claim. Dkt. 23 ("Deriv. MTD"). Along with its motion, theAmplify included four sworn declarations to support theAmplify's position that Rezvani did not adequately represent the interests of theAmplify or the other shareholders. Dkt. 23-2; Dkt. 23-3; Dkt. 23-4; Dkt. 23-5.

On December 17, 2018, the Court dismissed Rezvani's securities fraud claim after finding that Rezvani failed to plead facts that satisfied the heightened pleading requirements established under the Private Securities Litigation Reform Act ("PSLRA"). Dkt. 31 ("Dec. Order"); see 15 U.S.C. §§ 78u-4(b)(1), (2) (providing pleading requirements for actions brought pursuant to Section 10(b) and Rule 10b-5, promulgated thereunder). Pursuant to 28 U.S.C.A. § 1367, the Court also declined to exercise supplemental jurisdiction over Rezvani's remaining state law claims. Dec. Order at 14. Accordingly, the Court denied defendants' motion to dismiss Rezvani's derivative claim as moot. Id. at 15. The Court granted plaintiff leave to amend his complaint within twenty-one (21) days. Id.

On January 7, 2019, the day that plaintiff's amended complaint was due, plaintiff failed to file an amended complaint. Instead, plaintiff filed a request to voluntarily dismiss without prejudice plaintiff's derivative claim, pursuant to Federal Rule of Civil

---

[1] Although the FAC alleges these claims against Jones, the alleged owner of YoJo, defendants contended that Rezvani failed to serve Jones in this action. MTD at 6, n2. The Court confirms that there is no proof of service of process for Jones.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

Procedure 23.1. Dkt. 32.² On January 9, 2019, defendant theAmplify filed a response, requesting that the Court condition Rezvani's requested dismissal without prejudice on an award of the attorneys' fees that theAmplify incurred in moving to dismiss the derivative claim. Dkt. 34. In light of plaintiff's failure to file an amended complaint within twenty-one days, defendant YoJo also requested that the Court dismiss plaintiff's security claim with prejudice. Dkt. 35.

The Court held a telephonic status conference on January 15, 2019. At that conference, plaintiff agreed to dismiss the securities claim with prejudice. In light of the fact that the Court declined to extend supplemental jurisdiction over plaintiff's state law claims, the Court also inquired as to why plaintiff requested approval to dismiss the derivative claim. While plaintiff agreed that approval was not, in fact, necessary, YoJo argued that the Court was required to extend supplemental jurisdiction under Rule 23.1. The parties agreed to submit supplemental briefing on that issue.

On February 6, 2019, defendant theAmplify filed its supplemental briefing. Dkt. 43 ("DSupp."). Also on February 6, 2019, defendant YoJo filed a motion for Rule 11 sanctions, pursuant to the PSLRA. Dkt. 42 ("Mot"). Plaintiff filed an opposition to YoJo's motion for sanctions on February 15, 2019. Dkt. 44 ("Opp'n"). Plaintiff filed his supplemental briefing on February 20, 2019. Dkt. 45 ("PSupp."). On February 25, 2019, YoJo filed a reply brief in support of its motion for sanctions. Dkt. 46 ("Reply").

Plaintiff's request to dismiss the derivative claim and YoJo's motion for sanctions are now before the Court. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. REQUEST TO DISMISS THE DERIVATIVE CLAIM

As noted, on January 7, 2019, plaintiff requested leave, pursuant to Federal Rule of Civil Procedure 23.1(c), to voluntarily dismiss without prejudice the derivative claim that he filed on behalf of theAmplify. Dkt. 36. Pursuant to Rule 23.1, "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1. At

---

² The Court initially granted plaintiff's request, mistaking the ninth claim for the securities fraud claim. Dkt. 46-1 ("Trans.") at 4:13–4:18. Upon realization of its mistake, the Court then vacated the order. Id.; see Dkt. 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES - GENERAL | | 'O' |
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

the status conference that the Court held on January 15, 2019, the Court asked the parties whether the Court's approval was required in this case, in light of the fact that the Court declined to extend supplemental jurisdiction over plaintiff's state law claims when the Court dismissed plaintiff's sole federal claim.[3] The Court directed the parties to file supplemental briefing on the issue.

The Court has reviewed the party's supplemental briefing and the Court finds that plaintiff's request to dismiss the derivative claim was unnecessary. Under Rule 23.1(c), the Court's approval is required where a derivative action is "settled, voluntarily dismissed, or compromised." Fed. R. Civ. P. 23.1(c). Here, the Court declined to extend supplemental jurisdiction over this state derivative claim when the Court dismissed plaintiff's federal securities claim.

The Court is also unpersuaded by theAmplify's argument that the Court "must assert pendent jurisdiction over a Rule 23.1 derivative claim." DSupp. At 1.[4] "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." Foster v. Wilson, 504 F.3d 1046, 1051–52 (9th Cir. 2007); see 28 U.S.C. § 1367(c)(3). Moreover, "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." Wade v. Regional Credit Association, 87 F.3d 1098, 1101 (9th Cir. 1996) (citing Les Shockley Racing v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989)).

Derivative actions are state law claims, and Rule 23.1 does not independently provide subject matter jurisdiction. "Subject-matter jurisdiction in a derivative suit, as in any other action, must be founded on either the presence of a federal question or diversity of citizenship under Sections 1331 and 1332, respectively, of Title 28 or on a special grant of jurisdiction contained in other federal statutes." 7C Charles A. Wright et al.,

---

[3] The parties do not allege that diversity jurisdiction is available in this case.

[4] TheAmplify further requests that this Court condition its approval of plaintiff's request for dismissal upon plaintiff's payment of theAmplify's reasonable attorney's fees and costs, incurred in theAmplify's motion to dismiss the derivative claim. DSupp. at 3–4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

Federal Practice and Procedure § 1822 (3d ed. 2018); see Fed. R. Civ. P. 81 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). Indeed, when a plaintiff files a derivative action, Rule 23.1 obligates the plaintiff to "allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack," namely through diversity jurisdiction. Fed. R. Civ. P. 23.1(b)(2). In support of its position that the Court must assert pendant jurisdiction over the derivative action in this case, theAmplify cites the Advisory Committee Notes which explain that "the court has inherent power to provide for the conduct of the proceedings in a derivative action, including the power to determine the course of the proceedings." DSupp. at 1 (quoting Fed. R. Civ. P. 23.1 advisory committee's note to 1966 amendment). However, the Advisory Committee Notes do not indicate that a court must exercise supplemental jurisdiction. Instead, Rule 23.1 provides that *where* a court has subject matter jurisdiction over a claim, it has inherent power to manage the course of the proceedings.

Accordingly, having declined to extend subject matter jurisdiction over plaintiff's derivative claim, the Court hereby **DENIES** plaintiff's request *as moot*.

### III. MOTION FOR SANCTIONS

On February 6, 2019, following plaintiff's agreement to dismiss his federal securities claim with prejudice, YoJo moved for a Federal Rule of Civil Procedure 11(b) inquiry under the PLSRA, or, in the alternative, pursuant to the Court's inherent authority. YoJo argues that, under the PSLRA, upon "final adjudication" of a private securities action, the Court must make specific findings regarding the parties' compliance with Rule 11(b). Mot. at 1 (citing 15 U.S.C. § 78u-4(c)(1)). YoJo contends that plaintiff and his counsel failed to comply with Rule 11(b) because they proffered allegations that, by clearly established law, failed to state a claim for securities fraud. Mot. at 8–13. YoJo also alleges that, at times, plaintiff's allegations were factually inaccurate. Reply at 7 (highlighting that plaintiff now admits that certain allegations were inaccurate). In sum, YoJo contends that "plaintiff's counsel not only ignored clear precedents that show the Securities Fraud Claim is not warranted based on existing law, but also ignored the plain language of Exhibits attached to plaintiff's own Complaint, with the result that he has impeached plaintiff's own allegations with repeated internal inconsistent allegations, and ignored demonstrably [sic] undisputed facts known to the plaintiff and with reasonable inquiry by counsel, would have been known to plaintiff's counsel as well." Mot. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

YoJo argues that plaintiff alleged a frivolous claim with the intent to harass YoJo, which warrants sanctions. Id. at 18–20.

Plaintiff first argues that a Rule 11(b) assessment is not required in this case because a "final adjudication" has not been issued under the PSLRA. "A voluntary dismissal does not trigger the Private Security [sic] Litigation Reform Act's mandatory [R]ule 11 inquiry regardless of whether the voluntary dismissal is with or without prejudice." Opp'n at 5. Plaintiff also argues that there is no basis for sanctions under Rule 11(b). "Here, the First Amended Complaint was neither baseless nor made without reasonable, competent inquiry." Id. at 15. Plaintiff's counsel further represents that he "did his due diligence" and "the fact that he made some minor errors in pleading certain facts" does not warrant sanctions. Id. at 16. Finally, plaintiff argues that to award sanctions in reliance on pre-discovery declarations would deprive plaintiff and his attorney of their due process rights. Id. at 16–17 ("Nothing is 'just' about sanctions based on another party's representations about the facts—facts that the sanctioned party had no opportunity to evaluate or discover.").

### A. Legal Standard

#### i. Rule 11(b)

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note). Instead, "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

### ii. The PSLRA's Mandatory Rule 11 Inquiry

"Upon final adjudication," of a private securities action, a Court must "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C.A. § 78u-49(c)(1) (West). Where the Court finds "that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11." 15 U.S.C. § 78u–4(c)(2). The presumptive sanction for the "substantial failure of any complaint to comply with any requirement of Rule 11(b) . . . is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u–4(c)(3). In the case of a responsive pleading or dispositive motion, it is an award of reasonable attorneys' fees "as a direct result of the violation." 15 U.S.C. § 78u–4(c)(3)(A)(i) and (ii). The opposing party may rebut the presumption by making a showing that "the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are imposed," or that "the violation of Rule 11(b) . . . was de minimis." 15 U.S.C. § 78u–4(c)(3)(B)(i) and (ii).

The Congressional "purpose in instituting Section 78u-4(c) was 'to reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims,' by putting 'teeth' in Rule 11." Unite Here v. Cintas Corp., 500 F. Supp. 2d 332, 336 (S.D.N.Y. 2007) (citing Gurary v. Nu-Tech Bio-Med, Inc., 303 F.3d 212, 219 (2d Cir.2002); H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 at 738). However, the PSLRA does not change the substance of Rule 11; instead, it reduces the court's discretion in conducting a Rule 11 inquiry. Id.; Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li, No. C-13-1734 EMC, 2014 WL 3381416, at *4 (N.D. Cal. July 10, 2014) (citing Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 166–67 (2d Cir. 1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
|---|---|---|---|
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

### B. Discussion

#### i. Final Adjudication

Per the Court's oral ruling at the status conference held on January 15, 2019, plaintiff's securities claim has been dismissed with prejudice.[5] The parties dispute whether this constitutes a "final adjudication" under the PSLRA. Plaintiff argues that, because he voluntarily dismissed its securities claim, it does not constitute a final adjudication. Opp'n at 8. Defendant contends that because it was a dismissal with prejudice, it is final. Reply at 2–4.

The PSLRA does not define "final adjudication," and neither has this Court nor the Ninth Circuit. See DeMarco v. Depotech Corp., 131 F. Supp. 2d 1185, 1187 (S.D. Cal. 2001), aff'd, 32 F. App'x 260 (9th Cir. 2002) (explaining that "final adjudication" has not yet heretofore been defined for the purposes of the PSLRA's Rule 11 inquiry); see also Unite Here, 500 F. Supp. 2d at 337 (noting that the Second Circuit also has not defined "final adjudication" in this context). Courts that have considered this issue have repeatedly found that a voluntary dismissal *without* prejudice does not constitute a final adjudication. See, e.g. Great Dynasty, 2014 WL 3381416, at *4; Unite Here, 500 F. Supp. 2d at 337; but see Smith v. Smith, 184 F.R.D. 420, 422 (S.D. Fla. 1998) (finding that a Rule 11 inquiry was appropriate even where the plaintiff voluntarily dismissed the action without prejudice). However, courts have repeatedly held that a dismissal *with* prejudice does constitute a final adjudication. See DeMarco., 131 F. Supp. 2d at 1188; Hilkene v. WD-40 Co., No. CIV A 04-2253-KHV, 2007 WL 470830, at *1 (D. Kan. Feb. 8, 2007) ("The PSLRA does not define 'final adjudication,' but the phrase ordinarily refers to a terminating decision, such as a verdict, summary judgment or dismissal with prejudice without leave to amend."); Coleman v. Teamsters Local 853, No. 12-05981 SC, 2013 U.S. Dist. LEXIS 100768, *3, 2013 WL 3790900 (N.D. Cal. July 18, 2013) (finding that a voluntary dismissal with prejudice constitutes a final judgment for the purposes of res judicata).

---

[5] Plaintiff appears to suggest that this dismissal has not yet occurred because a request for dismissal with prejudice has not been filed. Opp'n at 8, n.2. However, plaintiff is incorrect. YoJo made a request to dismiss the claim on January 9, 2019. Dkt. 35. Moreover, at the status conference, the Court orally dismissed the securities claim with prejudice with plaintiff's counsel's consent. See Trans. 6:21–7:1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

Plaintiff strongly urges the Court to categorize this dismissal with prejudice as "not final" because it was voluntary. Opp'n at 8. The Court declines to do so. Plaintiff agreed to dismiss the claim with prejudice after he failed to amend his complaint within the timeframe established by the Court, after defendant requested that the Court dismiss plaintiff's securities claim with prejudice, see dkt. 35, and after this Court indicated that it found dismissal with prejudice appropriate, see trans. 6:16–6:20. Notwithstanding these facts, however, courts do not distinguish between voluntary or involuntary dismissals with prejudice. DeMarco, 131 F. Supp. 2d at 1188; Hilkene, 2007 WL 470830, at *1. This Court similarly finds the difference immaterial. Even if a dismissal with prejudice was voluntary, it is still final. "From the district court's perspective, an action is finally adjudicated when the district court case file is closed. At that point, the district court ceases all active involvement in the action unless and until the case file is reopened after subsequent appeal." DeMarco, 131 F. Supp. 2d at 1188. Accordingly, the Court holds that this dismissal with prejudice constitutes a "final adjudication" under the PSLRA.

### ii. Compliance with Rule 11(b)

Having concluded that the dismissal with prejudice constitutes a final adjudication, the Court must now conduct a Rule 11 inquiry to determine whether sanctions should be awarded in this case. Here, the Rule 11 inquiry focuses on a complaint. Accordingly, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotations and citations omitted); see also Kelter v. Associated Fin. Grp., Inc., 382 Fed. Appx. 632, 633 (9th Cir. 2010) (applying this standard in PSLRA context). "As shorthand for this test, [courts] use the word 'frivolous' to denote a filing that is both baseless and made without a reasonable and competent inquiry." Walker v. Blackground Records, LLC, No. CV 16-4833 FMO (FFMx), 2017 WL 8186040, at *4 (C.D. Cal. Aug. 7, 2017) (quoting Holgate, 425 F.3d at 677).

The Court finds that sanctions are not warranted in this case because there was no "substantial failure of any complaint to comply with any requirement of Rule 11(b)." 15 U.S.C. § 78u–4(c)(3). Plaintiff's securities claim had little merit. Particularly in light of plaintiff's numerous allegations that were premised on opinions, forward-looking statements, and promissory fraud, plaintiff failed to state a claim that satisfied the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

pleading requirements established by PSLRA. However, "[t]he fact that Plaintiffs' complaint was unsuccessful is not enough to warrant Rule 11 sanctions." Tai Jan Bao v. Solarcity Corp., No. 14-CV-01435-BLF, 2017 WL 878226, at *3 (N.D. Cal. Mar. 6, 2017). Counsel for plaintiff has represented that he researched the law and factual basis of this action, even if this inquiry resulted in some errors. See Dkt. 44-1, Declaration of Suren Weerasuriya ("Weerasuriya Decl.") ¶¶ 3, 5–8. He further represents that this lawsuit—which includes thirteen additional claims which the Court did not assess—was not brought for an improper purpose. Id. ¶ 4. "This lawsuit was brought in good faith, to make Mr. Rezvani whole after he suffered the harm alleged in his First Amended Complaint." Id.

More importantly, once the Court issued its rulings and dismissed plaintiff's claim, plaintiff agreed to dismiss the securities claim with prejudice and to pursue his other claims in state court. See Trans. 6:21–7:1. This distinguishes plaintiff's case from those cited by YoJo, where courts awarded sanctions against plaintiffs that filed successive motions or complaints. See Arnell v. McAdam, NO. 07cv0743-LAB (RBB), 2007 U.S. Dist. LEXIS 56827, *20 (Aug. 3, 2007) (awarding sanctions after the plaintiff filed a third recusal motion); ITI Internet Servs., Inc. v. Solana Capital Partners, Inc, No. C055-2010Z, 2007 WL 666593, at *7 (W.D. Wash. Feb. 27, 2007) (awarding sanctions in part because the plaintiff retained meritless claims in its amended complaint even after the "legal deficiencies" were identified). Accordingly, since plaintiff abandoned his securities claim once the Court identified its deficiencies, the Court finds that it has discretion to deny sanctions. To the extent that plaintiff continues to pursue meritless claims in the state court, however, nothing in this order bears on the appropriateness of sanctions at that time.[6]

---

[6] In the event that the Court determined that a Rule 11 inquiry was not appropriate in this case, YoJo alternatively requests that the Court award sanctions pursuant to its inherent authority. Because the Court has conducted a Rule 11 inquiry, the Court does not consider the issuance of sanctions under its inherent authority. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) (explaining that "the court ordinarily should rely on the Rules rather than the inherent power" when considering sanctions)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-06244-CAS (Ex) | Date | March 6, 2019 |
| Title | JUSTIN REZVANI ET AL v. DAVID JONES ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** *as moot* plaintiff's request to dismiss the ninth cause of action. The Court also **DENIES** YoJo's motion for sanctions.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |